Mr. Justice Olin
delivered the opinion of the court:
In this case a bill in equity was filed by the complainant, Farr, against his wife, for a divorce from the bond of matrimony. The grounds set up in the bill for the relief prayed is, that the complainant, at the time he entered into the contract of marriage with the respondent, was informed and believed that the respondent was a widow and the mother of an infant child; and that she falsely represented herself so to be, when in fact she was the mother of an illegitimate child. That the complainant, believing in her false and fraudulent representation in th«*t respect, married her; that after cohabiting with the respondent for several years he alleges that he learned his wife was not a widow when he married her, but that she was the mother of a bastard child; that as soon as he learned that fact he ceased to cohabit with her as his wife; that he came to the city of Washington, and here obtained employment as a clerk in the Post-Office Department; and, if the sworn answer of the respondent is to be believed, took up his residence with a prostitute near the navy-yard, with whom he continued to reside the necessary length of time required by law to enable him to file a bill for a divorce in this District. The complainant at the time of the marriage was a, resident of Pennsylvania, and the respondent a resident of Camden, N. J., at which latter place the marriage was solemnized. The bill of complaint was properly verified by oath. -To this bill an answer was interposed, also under *36 oat.h, in which the respondent denies every material allegation in the bill, except the fact of marriage and that she was the mother of a child born out of wedlock; and in respect to the latter fact she avers that, so far as making any false or fraudulent representations in that respect to him, the complainant was fully informed by her and by her relatives, neighbors, and friends, prior to her marriage with the respondent, that she was the mother of a child born out of wedlock.
Singular as it may appear, upon such a bill a replication was filed and proofs of much length were taken.
Upon the hearing of this case before Justice Wylie, at special term, the bill of complaint was properly dismissed, and the complainant ordered to pay costs of the suit. From that decree an appeal was taken to this court, and upon the hearing of the appeal, the pleadings and proofs were submitted to this court for its judgment without argument.
I ought to observe, that in the bill of complaint there is found no allegation, express or implied, tending to show that the respondent after her marriage failed in any respect whatever to perform all the duties of a good wife.
I have carefully looked through all the proofs in the case, more as a matter of curiosity than to inform myself as to the rule of law applicable to it; for, if all the facts falsely stated in the bill were admitted to be true, they afford no ground for a divorce from the bond of matrimony, unless we apply to the solemn contract of marriage the same rules of law that we do to a contract for swapping horses.
An examination of the evidence taken in the case shows, if there be any reliance in human testimony, that the complainant in swearing to the truth of the facts stated in his bill committed the grossest perjury.
These proofs show, and are perfectly overwhelming from men and women of high official and social positions in Camden, N. J., where the respondent resided from childhood until her marriage, that the complainant was well aware of the fact that the respondent was the mother of an illegitimate child.
One woman whose testimony is taken in the case swears in substance that she informed the complainant, when the *37 subject of his marriage with her was spoken of and the illegitimate child, that she remarked to the complainant that the respondent was not the first good woman who had made one false step. It is proven also that the complainant asserted often that he intended to adopt the child as his own, and it should bear his own name.
The judgment of the special term is affirmed with costs, and I only regret that a suit based upon charges so ridiculous, impudent, and false, can be visited by this court with nothing more than the judgment we here pronounce.